UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>upon the relation and for the use of the<br>TENNESSEE VALLEY AUTHORITY | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:18-CV-00169-SA-RP |
| AN EASEMENT AND RIGHT-OF-WAY<br>OVER 0.24 ACRE OF LAND, MORE OR LESS,<br>IN TALLAHATCHIE COUNTY, MISSISSIPPI, et al | DEFENDANTS |

ORDER AND MEMORANDUM OPINION

Tennessee Valley Authority ("TVA") filed its Complaint [1] on August 2, 2018, to acquire a permanent easement and right-of-way across a 19-acre parcel located in Tallahatchie County, Mississippi. Subsequently, *pro se* Defendants Ora Johnson, Beulah Washington, and Jerlean Hawkins filed an Answer and Counterclaim [8] claiming an interest in the parcel, objecting to the condemnation and taking of the property, and contesting compensation. Presently before the Court is TVA's Motion to Enter Judgment on the Pleadings or Motion to Strike Defendants' Objection and Counterclaims [36] and TVA's Motion for Summary Judgment on the Issue of Just Compensation [38]. The issues are fully briefed and ripe for review.

*Factual and Procedural Background*

In 2014, TVA announced a new transmission line to be built in Tallahatchie County, Mississippi. One of the properties the new transmission line will cross is a 19-acre parcel. This lawsuit involves the taking of a 0.24-acre easement across the 19-acre parcel for the new transmission line.

In August 2018, TVA filed its Complaint [1], Declaration of Taking [2], and Notice of Condemnation [3] pursuant to the TVA Act and Taking Act, to acquire a permanent easement and right-of-way across the 19-acre parcel. After reviewing two appraisal reports valuing the easement

at $625 and $650, Ivan J. Antal, II, (TVA's Manager of Real Property Transactions) determined that the fair market value for the easement and right-of-way taken was $700. *See* Declaration [38-1].

TVA deposited this $700 with the Court and the Clerk of the Court noted on the docket the Court's receipt of the deposit.

Ownership of the parcel is uncertain because of multiple generations of intestate succession, so multiple persons and heirs (known and unknown) were served by personal service or publication. *See* Notices [4, 7, 10]. After service by publication, four individuals filed a response claiming interest in the parcel.

*Pro se* Defendants Ora Johnson, Beulah Washington, and Jerlean Hawkins filed an Answer and Counterclaim [8] where they collectively claimed a 45% interest in the parcel, objected to the condemnation and taking of the property, and contested compensation. Defendants claimed to be the heirs of John Raybon, James Raybon, and Willie Raybon, who were listed in TVA's Complaint [1] as persons who have or may claim an interest in the property.

The fourth Defendant, Johnny D. Harper, filed a Motion [29] seeking relief from the expert disclosure deadline. His attorney William Kellum later made an appearance, but neither Harper or Kellum made expert disclosures before the amended April 1, 2019 deadline and neither has made any such disclosure as of this date. *See* Notice of Appearance [32].

TVA now requests that the Court grant its Motion [36] to Enter Judgment on the Pleadings or in the alternative, to Strike Defendants' Objection and Counterclaims. TVA also requests that the Court grant its Motion [38] for Summary Judgment on the Issue of Just Compensation.

*Legal Standard*

Under Rule 12(c), "After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." FED R. CIV. P. Rule 12(c). This motion is designed to "dispose of cases where material facts are not in dispute and judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noted facts." *Williams v. Jenkins*, No. 3:08-CV-69, 2009 WL 1323008, at *1 (N.D. Miss. May 12, 2009); *Herbert Abstract Co., Inc. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). Granting a motion for judgment on the pleadings is "appropriate only if material facts are not in dispute and questions of law are all that remain." *Williams*, 2009 WL 1323008, at *1; *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998).

Regarding a motion to strike, Rule 12(f) states that "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party . . ." FED. R. CIV. P. Rule 12(f).

Under Rule 56 of the Federal Rules of Civil Procedure, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In other words, "summary judgment is proper only when the record demonstrates that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Luv N' Care Ltd. v. Groupo Rimar*, 844 F.3d 442, 447 (5th Cir. 2016). The movant bears the burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015).

*Discussion and Analysis*

A. Whether Defendants' Objection and Counterclaims are Permitted.

 i. Defendant's Objection and Counterclaims.

*Pro se* Defendants Ora Johnson, Beulah Washington, and Jerlean Hawkins filed the following objection and counterclaims:

> 1. [TVA] is not lawfully entitled to take the defendant's property for the purpose described in the complaint due to . . . Section 306(b) failure to purchase property [in] its [entirety] with fair and just price prior to the [commencement] of [condemnation] action with good faith dealings [8].
> 3. Defendant request[s] the court to Order [TVA] to make a just and fair offer to purchase the entire property in good faith for said property so Defendant may present offer to other heirs of family owned property prior to the commencement of condemnation of said Property [8].
> 4. Defendant request the Court if upon not obtaining said Order within paragraph 3 then, [TVA] shall make a good faith just and fair offer for the partial part that Plaintiff wants to add permanent easement and right-[of]-way on said Property [8].
> 5. Defendant request[s] the Court for a jury trial for a fair and just cost of said partial part of said Property [8].

 ii. Federal Condemnation Law is Governed by the TVA Act, the Taking Act, and Rule 71.1.

The Defendants contest the taking of the 0.24-acre of the parcel by citing "Section 306(b)" in their Answer [8]. It is unclear what this law is. TVA argues that this case is governed by the TVA Act, the Taking Act, and Federal Rule of Civil Procedure 71.1.

Federal condemnation law, and this case specifically, is governed by the TVA Act, the Declaration of Taking Act ("Taking Act"), and Rule 71.1. 16 U.S.C. § 831c(i); 40 U.S.C. § 3114; FED. R. CIV. P. Rule 71.1. To the extent that "Section 306(b)" is state law, it has no bearing here. *Id.* "The right of the United States to exercise the power of eminent domain is 'complete in itself' and 'can neither be enlarged nor diminished by a State.'" *United States ex rel. TVA v. Powelson*, 319 U.S. 266, 279, 63 S. Ct. 1047, 1054, 87 L. Ed. 1390 (1943) (quoting, in part, *Kohl v. United*

*States*, 91 U.S. 367, 374, 23 L. Ed. 449 (1875). The law that pertains to this condemnation action is found in the TVA Act, the Taking Act, and Rule 71.1. 16 U.S.C. § 831c(i); 40 U.S.C. § 3114; FED. R. CIV. P. Rule 71.1. Because this case is governed by the TVA Act, the Taking Act, and Rule 71.1, the Defendants' objection to the condemnation and taking of the property citing "Section 306(b)" is inapplicable. *Id*.

  iii.    Counterclaims Are Not Permitted in Federal Condemnation Actions.

TVA argues that the Court lacks jurisdiction over counterclaims because the counterclaims are not permitted against the United States in condemnation cases. The Defendants assert the following as counterclaims:

> (1) a request that the Court order TVA to make a just and fair offer to purchase the entire property, (2) a request that the Court order TVA to make a just and fair offer for the partial part of the property that TVA condemned, and (3) a request for a jury trial for a fair and just cost of the partial part of the property that TVA condemned. Rule 71.1(e) of the Federal Rules of Civil Procedure states that "no other pleading or motion asserting any additional defenses or objections shall be allowed."

*See* FED. R. CIV. P. Rule 71.1(e). Federal courts have interpreted this to mean no counterclaims are permitted. *United States ex rel. TVA v. An Easement and Right-of-Way over 4.4 Acres of Land*, No. A.93-CV-313, 1994 WL 1890931, at *1 (N.D. Miss. Sept. 27, 1994). Because of the Federal courts' interpretation of Rule 71.1(e), it is clear that "a counterclaim may not be asserted in a condemnation action filed by the United States." *United States ex rel. TVA v. Tree-Cutting Right With Respect to a Preexisting Easement and Right-of-Way Over Land in Clay Cnty., Miss.*, No. 1:07CV133-M-D, 2008 WL 2178151, at *2 (N.D. Miss. May 22, 2008). The counterclaims made by the Defendants' are not permitted in this case.

    iv.      No Requirement to Negotiate or Acquire Entire Parcel.

The Defendants also request that the Court order TVA to make a just and fair offer to purchase either the entire property or the portion of the property that TVA condemned. TVA argues that they are under no duty to negotiate an offer with Defendants and no duty exists that requires them to offer to purchase the entire property.

Neither the TVA Act nor the Taking Act provide a requirement to negotiate or offer to purchase the entire parcel in federal condemnation actions. 16 U.S.C. § 831c(i); 40 U.S.C. § 3114. The TVA Act provides that:

> [TVA] may proceed to exercise the right of eminent domain, and to condemn all property that it deems necessary . . . and all such condemnation proceedings shall be had pursuant to the provisions and requirements . . . conferred by sections 3114, 3115, and 3118 of Title 40.

16 U.S.C. § 831c(i). Section 3114, the Taking Act, states:

> [t]he declaration of taking shall contain … (1) a statement of the authority under which . . . the land is taken, (2) a description of the land taken that is sufficient to identify the land, (3) a statement of the estate or interest in the land taken for public use, (4) a plan showing the land taken, and (5) a statement on the amount of money estimated by the acquiring authority to be just compensation for the land taken.

40 U.S.C. § 3114(a)(1)-(5).

Neither of the Acts require TVA to negotiate or offer to purchase the entire parcel in federal condemnation actions. 16 U.S.C. § 831c(i); 40 U.S.C. § 3114. TVA has met its requirements in order to exercise its right of eminent domain. 40 U.S.C. § 3114(a)(1)-(5). The Defendants' objection falls short.

    v.      Request for Jury Trial Is Not a Counterclaim.

Defendants made a request for a jury trial as a counterclaim. TVA argues that the Defendants' request for a jury trial is not a counterclaim.

According to the Taking Act, "compensation shall be determined and awarded in the proceeding and established judgement." 40 U.S.C. § 3114(c)(1). In *Kirby Forest Industries, Inc. v. United States*, the Supreme Court states that "[i]n subsequent judicial proceedings, the exact value of the land . . . is determined." *Kirby Forest Industries*, 467 U.S. 1, 5, 104 S. Ct. 2187, 2191, 81 L. Ed. 2d 1 (1984). "The issue of just and adequate compensation . . . is a matter to be resolved at trial, and is not a defense to the condemnation and taking." *United States ex rel. TVA v. Easements and Rights-Of-Way Over a Total of 15.69 Acres of Land, More or Less, in Gordon Cnty., Ga.*, 589 F. Supp. 2d 1349, 1362-63 (N.D. Ga. 2008).

Defendants request a jury trial to determine compensation as a counterclaim. This should be interpreted by the Court as a standard request for a jury trial, and not a defense. "In an action involving eminent domain under federal law, the court tries all issues, including compensation, except when compensation must be determined (A) by any tribunal specially constituted by a federal statute . . . or (B) . . . by a jury when a party demands one within the time to answer . . ." FED. R. CIV. P. 71.1(h)(1). Whether the $700 is just compensation for the property is a matter that will be determined in the proceedings. 40 U.S.C. § 3114(c)(1); FED R. CIV. P. 71.1(h)(1). A request for jury trial is not a counterclaim, so the Court liberally interprets this as a standard request for a jury trial by the *pro se* Defendants.

B.  Amount of Compensation.

TVA argues that summary judgment should be granted if Defendants fail to respond to their motion [38] with evidence on the issue of compensation.

"The burden of establishing the value of the lands sought to be condemned [is] on respondent." *United States ex rel. TVA v. Powelson*, 319 U.S. 266, 273, 63 S. Ct. 1047, 1052, 87 L. Ed. 1390 (1943). The Defendants provide no evidence contesting the $700 compensation or showing an alternative estimate of just compensation. The Defendants must properly contest compensation or otherwise provide an alternative estimate of just compensation and apportionment. *Id.*

Furthermore, the evidence of independent appraisals provided by TVA demonstrates that the amount of $700 deposited with the Court is just compensation. *See* Declaration [38-1]. The court has adopted the conventional method of appraisal as an acceptable means in valuing property taken by the Government. See *United States v. Va. Elec. Power Co.*, 365 U.S. 624, 632, 81 S. Ct. 784, 790, 5 L. Ed. 2d 838 (1961). "When the moving party presents an appraisal by a credentialed property appraiser and the non-moving party does not contest it, that moving party is entitled to judgment as a matter of law." *United States v. An Easement and Right-of-Way Over .14 Acre of Land, More or Less, in Oktibbeha County, Mississippi*, No. 1:17-CV-151, 2019 WL 1031079, at *2 (N.D. Miss. Mar. 4, 2019) (quoting *United States ex rel. TVA v. Tree-Removal Rights with Respect to land in McNairy County, Tenn.*, No. 15-1008, 2015 WL 5499434, at *3 (W.D. Tenn. Sept. 16, 2015).

Additionally, "the Fifth Circuit has also affirmed the use of summary judgment to determine just compensation in a condemnation proceeding." *United States v. An Easement and Right-of-Way Over .61 Acre of Land, More or Less, in Clay County, Mississippi*, No. 1:17-CV-192, 2019 WL 1029538 (N.D. Miss. March 4, 2019); see *Bibb County v. United States*, 249 F.2d 228, 232 (5th Cir. 1957).

Because TVA demonstrated just compensation through providing evidence of independent appraisals and the Defendants have failed to properly contest the issue of compensation, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED R. CIV. P. Rule 56. Summary judgment should be granted.

C.  Apportionment of Compensation Among Defendants.

Because ownership of the property is still unknown or in dispute, the issue of apportionment of the $700 compensation is still to be decided. "After a deposit, the court and attorneys must expedite the proceedings so as to distribute the deposit and to determine and pay compensation." FED. R. CIV. P. 71.1(j)(2).

In TVA's memorandum [39] supporting its Motion for Summary Judgment, TVA proposed a procedure for final disposition of this action and disbursement of deposited funds that would allow the Court to close the case. This procedure was recently adopted by the Middle District of Georgia. *See Sabal Trail Trans., LLC v. Real Estate*, No. 4:16-CV-122, 2017 WL 3599163, at *1 (M.D. Ga. Aug. 21, 2017).

Essentially, the procedure in *Sabal Trail* allows the funds to remain on deposit by further order of the Court. *Id.* at *2. The named Defendants, or any other named or unnamed person who claims interest in the compensation, can then seek disbursement of the compensation by filing an application with this Court accompanied by the following: the necessary tax-identification information and adequate documentation confirming entitlement to the claimed share of the compensation. *Id.* The procedure is described below:

> Defendants may apply to the Court for distribution of the award in accordance with their respective ownership interests. Defendants may apply for a distribution of the award by sending an application to the Clerk of Court . . . The Clerk shall docket each application electronically. The application should include:
>
> - The applicant's name, address, and email address (if any).

9

- The applicant's claimed interest in the property and the basis for that claim.
- Proof of the applicant's interest in the property.

*Id.*

This procedure is supported by the Declaration of Taking Act. 40 U.S.C. § 3114(c). The Act states that "[o]n application of the parties in interest, the court may order that any part of the money deposited in the court be paid immediately for or on account of the compensation to be awarded in the proceeding." *Id.* If any deficiency occurs once compensation is finally awarded, "the court shall enter judgment against the Government for the amount of the deficiency." *Id.*

Alternatively, the Court may retain jurisdiction over the issue of apportionment and refer the issue of apportionment to the magistrate judge. *See United States v. 22.70 Acres of Land, more or less, situated in Cameron Parish, La.*, No. 08-0269, 2012 WL 6759009 (W.D. La. Dec. 28, 2012) (adopting the Magistrate Judge's Report and Recommendation determining the interests held by landowners in a Federal Condemnation action).

*Conclusion*

This case is governed by the TVA Act, the Taking Act, and Rule 71.1. Consequently, the Defendants' objection to the condemnation and taking of the property citing "Section 306(b)" is inapplicable. Neither the TVA Act or the Taking Act require TVA to negotiate or offer to purchase the entire parcel in federal condemnation actions. Additionally, the counterclaims made by the Defendants' are not permitted in this case.

Because of the reasoning above, TVA's Motion to Enter Judgment on the Pleadings [36] is GRANTED. TVA's request to strike is moot because the Motion to Enter Judgment on the Pleadings [36] is granted.

Because TVA demonstrated just compensation through providing evidence of independent appraisals and the Defendants have failed to properly contest the compensation, the Court finds that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law under Rule 56. TVA's Motion for Summary Judgment [38] is GRANTED.[1]

Finally, in order to resolve the issue of apportionment, the Court adopts the procedure used by the Middle District of Georgia. The named Defendants, or any other named or unnamed person who claims interest in the compensation, may seek disbursement of the compensation by filing a written request with this Court with the necessary information and documentation demonstrating that they are entitled to their claimed share of the compensation.

PROCEDURE FOR PAYMENT OF COMPENSATION

I. CLAIMANT'S REQUEST FOR OBTAINING DISBURSEMENT.

Claimants may apply to the Court for distribution of the award in accordance with their respective ownership interests. Claimants may apply for a distribution of the award by sending a written request to the

> Clerk of Court
> Federal Building Room 369
> 911 Jackson Avenue East
> Oxford, MS 38655.

The Clerk shall docket each written request electronically. The request should include:

- The applicant's name, address, and email address (if any).
- The necessary tax-identification information.
- The applicant's claimed interest in the property and the basis for that claim.
- Proof of the applicant's interest in the property.

Requests must be postmarked by September 16, 2019. Any questions regarding the process should be directed to the Clerk's office via telephone ((662) 234-1971) or email

---

[1] Because the Court grants summary judgment on the issue of just compensation in TVA's favor here, this case will not proceed to trial as scheduled, and TVA's Motion in Limine [41] is now moot.

(ecf_information@msnd.uscourts.gov). If multiple requests are received, the Court will schedule a hearing to determine how the proceeds should be distributed.

II. PROVIDING NOTICE TO DEFENDANTS

The Clerk shall serve a copy of this Order via U.S. mail on each of the Defendants and respondents with known addresses listed in Appendix A to this Order; according to the Plaintiff, those are the correct addresses.

III. LEGAL TITLE TO EASEMENTS

The Plaintiff shall submit to the Court a proposed final order vesting legal title to the permanent and temporary easements.

It is so ORDERED, on this the 15th day of August, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

APPENDIX A

Margaret J. McBlackwell Redmond
7600 South MLK Drive
Chicago, Illinois 60619

Earnest Raybon
3009 Pennsylvania Avenue
Apt. 2
St. Louis, Missouri 63118

Ellen Powell
2511 University Street
St. Louis, Missouri 63115

Mildred Towns
7955 South State Street
Chicago, Illinois 60619

LaShawn Towns
17333 Cayuga Drive
Apt. E
Westfield Indiana 46074

Eric Towns
P.O. Box 885
Orland Park, Illinois 60462

Lorenzo Raybon
8758 Cashio Street, Apt. 7
Los Angeles, California 90035

Isaiah El
6520 Perry Court
St. Louis, Missouri 63121

Barbara Payne
1116 Kingston Crossing
O'Fallon, Missouri 63366

Delores Rayborn
338 California Street
St. Louis, Missouri 63118

Lisa Mauldin
1727 Chiquita Terrace Street
St. Louis, Missouri 63138

Bobette Claxton
5330 Bartmer Avenue
St. Louis, Missouri 63112

Kevin Mauldin
4123 Mildness Court
Florissant, Missouri 63034

Alvin Mauldin
9254 Halls Ferry Road
St. Louis, Missouri 63136

Marvin Mauldin
14 Chambers Road
St. Louis, Missouri 63137

Tyrone Mauldin
1831 North Hanley Road
St. Louis, Missouri 63114

Marqua Crenshaw
8432 Buckthorn Drive
Berkeley, Missouri 63134

Erica Crenshaw
8414 Buckthorn Drive
Berkeley, Missouri 63134

Jesse Taylor
8556 Church Road
St. Louis, Missouri 63147

Johnny Harper
4451 Forest Park Avenue, Apt. 315
St. Louis, Missouri 63108

Teah Harper Little
803 Magnolia Circle
Jonesboro, Georgia 30236

Tony Lee Meriweather
5298 Berkshire Street
Detroit, Michigan 48224

Wanda Jean Meriweather
12801 East Mack Avenue, Apt. 311
Detroit, Michigan 48215

Lee Albert Meriweather
12801 East Mack Avenue, Apt. 311
Detroit, Michigan 48215

Barbara Jean Meriweather
4674 Saint Antoine Street
Detroit, Michigan 48201

Carmaletta Meriweather
23807 Tuscany Street
Eastpointe, Michigan 48021

Gary Gerrille Grayson
7044 Toepfer Road
Warren, Michigan 48091

Jerlean Hawkins
P O Box 801
Webb, MS 38966

Ora Johnson
P O Box 801
Webb, MS 38966

Beulah Washington
P O Box 801
Webb, MS 38966

DeAdrian Harper
1600 Pine Bld. 20 Apt. 1403
St. Louis, MO 63103

The addresses of the following Defendants are unknown and a copy of this document shall remain on file with the Clerk of this Court for these Defendants:

Unknown Heirs of Allie Ringo
Unknown Heirs of Ollie Ringo
Unknown Heirs of Paolie Ringo

Unknown Heirs of Isham McAfee
Unknown Heirs of Addie McBlackwell
Unknown Heirs of Marie McBlackwell
Landruse McBlackwell
Unknown Heirs of Essie L. McBlackwell
Sarah Lee McBlackwell
Claudette McBlackwell
Anita McBlackwell
Russell McBlackwell
Arnold McBlackwell
Sharen McBlackwell
Emile McBlackwell
Charlene McBlackwell
Marcia McBlackwell
Harrietta McBlackwell
Unknown Heirs of Barnard McBlackwell
Unknown Heirs of Denise McBlackwell
Unknown Heirs of Ruby May McBlackwell
Unknown Heirs of Josephine McBlackwell Cashmire Wilkins
Unknown Heirs of Katherine McBlackwell-Willis Greene
Unknown Heirs of James Roosevelt McBlackwell
Unknown Heirs of Sophia F. McBlackwell Ross
Unknown Heirs of Alice A. McBlackwell
Unknown Heirs of Thomas McBlackwell
Unknown Heirs of William A. Mabron
Unknown Heirs of Soddie McBlackwell
Unknown Heirs of Andrew McBlackwell
Unknown Heirs of D.L. McBlackwell
Unknown Heirs of July F. McBlackwell
Matty McBlackwell
Viddie Love
Virdie Love
Unknown Heirs of John L. Raybon
Unknown Heirs of James O. Raybon
Unknown Heirs of Willie A. Raybon
Unknown Heirs of Addie Lee Raybon Taylor
Unknown Heirs of Pauline Morris
Unknown Heirs of James L. Birdon
Unknown Heirs of Candis M. Patton
Unknown Heirs of Lillian Reed
Unknown Heirs of Ollie Reed
Unknown Heirs of Addie Reed
Unknown Heirs of George Wilson
Unknown Heirs of Carrie Powell
Unknown Heirs of Willie Townes
Unknown Heirs of William Moore

Unknown Heirs of James Reed
Venita Crenshaw-Thomas
Bobbette Claxton
Unknown Heirs of Ioh McBlackwell
Unknown Heirs of Isiah McBlackwell
Unknown Heirs of Rachel McBlackwell
Unknown Heirs of Mary McBlackwell
Unknown Heirs of El McBlackwell
Unknown Heirs of Elnora Hudson
Unknown Heirs of Mary Hudson
Unknown Heirs of Isaiah Hudson
Unknown Heirs of Elsie Badie
Unknown Heirs of Josie Moore
Unknown Heirs of Washington Moore
Unknown Heirs of Clyde Lee Moore
Unknown Heirs of George W. Read
Unknown Heirs of Clarrinda Newman
Ethel M. Carnell
William A. Black
Clarenda M. Buckley
Lucy Moore Buckingham
Clarenda Ford
Unknown Owners
----END---