UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA	PLAINTIFF
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY

V.	CIVIL ACTION NO. 3:18-CV-00169-SA-RP

AN EASEMENT AND RIGHT-OF-WAY
OVER 0.24 ACRE OF LAND, MORE OR LESS,
IN TALLAHATCHIE COUNTY, MISSISSIPPI, et al	DEFENDANTS

ORDER AND FINAL JUDGMENT

On August 2, 2018, Tennessee Valley Authority ("TVA") initiated this action by filing its Complaint [1], seeking to acquire a permanent easement and right-of-way across a 19-acre parcel located in Tallahatchie County, Mississippi. TVA sought such relief pursuant to 16 U.S.C. § 831, *et seq*. After various other filings were made, TVA filed a Motion for Summary Judgment on Issue of Just Compensation [38]. The Court thereafter entered an Order and Memorandum Opinion [43] granting summary judgment on the issue of compensation, specifically finding that the total amount of compensation for the taking shall be $700.00.

In its Order and Memorandum Opinion [43], the Court also noted that "ownership of the property is still unknown or in dispute[.]" The Court specifically adopted the procedure for apportionment set forth by the District Court for the Middle District of Georgia in *Sabal Trail Trans., LLC v. Real Estate*, 2017 WL 3599163 (M.D. Ga. Aug. 21, 2017). The Court permitted all potential claimants to file a claim for obtaining disbursement, and the Court specifically set forth the procedure with which any potential claimant should comply in order to obtain disbursement. Since that time, some potential claimants have filed claims, and TVA has filed a Declaration setting forth its belief as to ownership of the subject property, taking into account the claims filed

by the potential claimants. *See* [52]. Thereafter, an additional notice was filed by a potential claimant. *See* [54].

On September 18, 2019, TVA filed a Notice [52]. Attached to that Notice [52] is a Declaration of Lorie M. Hunt, the Manager of Legal Services in TVA's Realty Services organization. [52], Ex. A. Hunt's Declaration includes an explanation of the ownership interests as to the Subject Property which is supported by documentation attached thereto. The supporting documentation includes census data, wills, ancestry search data, and oil and gas leases. *See* [52], Exs. B-G. The Court notes, however, that Hunt testified via her Declaration that current ownership of the property remained uncertain "because of multiple generations of intestate succession" and because some of the oil and gas leases referenced therein may have been executed by individuals without an interest to the property. [52], Ex. A at p. 6-7.

On June 8, 2021, the Court entered an Order [55] which, in pertinent part, provided:

> TVA is hereby ordered to file on the docket a proposed Order for the Court's consideration, taking into account all notices of potential claimants and including all language fully and finally vesting title to the subject property with TVA. TVA shall make its filing within thirty (30) days of today's date. Any potential claimant who desires to object to the proposed Order shall, within fourteen (14) days of its filing, file an objection on the docket. The Court will thereafter consider the proposed Order and schedule a hearing if necessary.

[55] at p. 3.

In accordance with the Court's Order [55], on July 7, 2021, TVA filed on the docket a Notice [60] which included as an attachment a Proposed Order taking into account all documentation in TVA's possession as well as all notices that had been filed by various potential claimants. The Proposed Order also lists proposed amounts to be awarded to each claimant based on the Court's previous determination that the total amount of compensation shall be $700.00. *See* [60], Ex. A, B. Since such time as the Notice [60] attaching the Proposed Order was filed and

despite the passage of far more than fourteen (14) days, no potential claimant has filed any objection thereto on the docket.

The Court has reviewed the Declaration of Lorie M. Hunt, as well as all supporting documentation. *See* [52], Exs. A-G. The Court has also reviewed the notices of claims filed by the potential claimants. None of the other notices provide any competent evidence to rebut or cause the Court to otherwise question the validity of the information provided by TVA. In addition, no potential claimant objected to the Proposed Order of distribution filed by TVA on July 7, 2021. Consequently, the Court finds that the proposed disbursement provided by TVA should be adopted. Furthermore, in light of the straightforward nature of this matter and the fact that no hearing has formally been requested, the Court sees no need to hold a hearing.[1]

Therefore, it is hereby ORDERED and ADJUDGED as follows:

1. The Court has jurisdiction to resolve this matter pursuant to 16 U.S.C. § 831-831ee;

2. Consistent with the Court's previous Order and Memorandum Opinion [43], the total amount of compensation available for disbursement is $700.00;

3. The Clerk of Court is authorized and directed to draw a check on the funds deposited in the registry of this Court for this action in the amounts specified for each individual Defendant listed in Attachment 1 to this Order made payable to each such individual. The Clerk is directed to mail said checks to each Defendant at the address on file for each such Defendant;

4. To the extent that persons listed in Attachment 1 are unknown, the Clerk of Court shall return those funds to TVA to be held in an interest-bearing account. Any person who

---

[1] For the sake of clarity, the Court notes that it has reviewed the Letter [57] filed by Lorenzo Raybon wherein he states that he maintains an objection. However, his letter appears to take issue with the amount of compensation awarded, a matter that was decided several months ago. Additionally, the Court notes that he has not provided any documentation to support his objection. The Court therefore sees no need to address it any further.

subsequently claims to be one of the unknown heirs shall file a petition on the docket in this case, and the Court will make a determination as to the validity of such claims;

5. The Clerk of Court shall also return to TVA all interest accrued while the funds have been on deposit;[2]

6. The vesting of title in the United States of America, free of all liens, claims, and encumbrances, as evidenced by the Declaration of Taking filed in this action on August 2, 2018 [2-1], is hereby fully and finally confirmed with respect to the easement and right-of-way described below, said description being the same as in in Attachment 1 to the Declaration of Taking [2-2]:

> A permanent easement and right-of-way, consisting of the perpetual right to enter and to erect, maintain, repair, rebuild, operate, and patrol lines of transmission line structures with sufficient wires and cables for electric power circuits and communication circuits, and all necessary appurtenances, including guy wires, in, on, over, and across said right-of-way, together with the perpetual right to clear said right-of-way and keep the same clear of structures (including but not limited to flagpoles, solar panels, buildings, signboards, billboards), trees, brush, stored personal property, and fire hazards, to destroy or otherwise dispose of such trees and brush; to prevent the drilling or sinking of wells within the right-of-way; and to remove, destroy, or otherwise dispose of any trees located beyond the limits of said right-of-way which in falling could come within five feet of any transmission line structure or conductor located thereon, the Tennessee Valley Authority to remain liable for any direct physical damage to the land and annual growing crops resulting directly from the operations of the construction and maintenance forces of its agents and employees in the erection and maintenance of or in exercising a right of ingress and egress to said transmission line structures, all upon, under, over, and across the following-described land:
>
> TRACT NO. WBWC-93A
>
> A parcel of land located in Section 22, Township 25 North, Range 2 East, in the First Judicial District of Tallahatchie County, State of Mississippi, as shown on a map entitled "West Batesville – North Oakland Transmission Line," drawing LW-8959, sheet P12A, R.2, a reduced scale copy of which is attached to the Declaration of Taking filed herein, the said parcel being more particularly described as follows:
>
> Commencing from a 3/8-inch rebar, a common corner between Robert W. Pritchard, Jr. (Deed Book 425, page 70) and Heirs of Isiah (Ike) McBlackwell (No Deed); thence with

---

[2] *See* 40 USC § 3114(c)(1).

the said property line in a southerly direction, 97.2 feet to a point on the easement location boundary line, said point being offset 50 feet right of the survey centerline at station 1332+91.26, and being the Point of Beginning.

Thence leaving the Point of Beginning and continuing with the property line between Robert W. Pritchard, Jr. and Heirs of Isiah (Ike) McBlackwell, S. 01° 35' 47" E., 367.46 feet to a point on the property line of Mark S. Knight, et al. (Deed Book 425, page 77); thence along the property line between Mark S. Knight, et al., and Heirs of Isiah (Ike) McBlackwell, S. 89° 43' 18" W., 57.03 to a point on the easement location boundary line; thence with the said location boundary line, N. 07° 15' 17" E., 370.56 feet to the Point of Beginning, and containing 0.24 acre, more or less.

The above-described parcel of land is lying entirely in the Southeast Quarter of Section 22, Township 25 North, Range 2 East of the Choctaw District.

The coordinates, distances, and directions of lines are referred to the Mississippi West Coordinate System, NAD83(2011) Horizontal Datum, NAVD88 Vertical Datum.

7. Upon request, the Clerk of Court shall furnish to Plaintiff a certified copy of this Order and Final Judgment, which shall serve as a muniment of title; and

8. This CASE is CLOSED.

SO ORDERED, this the 16th day of August, 2021.

    /s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE